UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRANCOIS STANISLAS BELLON | § | CASE NO. 20-33214 (MI) |
| | § | (Chapter 7) |
| Debtor. | § | |

TRUSTEE'S EXPEDITED MOTION FOR ORDER
DIRECTING THE DEBTOR TO APPEAR AND SHOW CAUSE
WHY HE SHOULD NOT BE HELD
IN CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH THE COURT'S 11/9/2020 ORDER (DOC. NO. 13)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING ON THIS MOTION HAS BEEN SELF-CALENDARED AND WILL BE HEARD ON FEBRUARY 3, AT 9:00 A.M. VIA TELEPHONE AND VIDEO CONFERENCE. THE INSTRUCTIONS ARE PROVIDED BELOW.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

COMES NOW, EVA S. ENGELHART, CHAPTER 7 TRUSTEE (the "Trustee"), and files this Trustee's Expedited Motion for Order Directing the Debtor to Appear and Show Cause Why He Should Not be Held in Civil Contempt for Failure to Comply with the Court's 11/9/2020 Order (Doc. No. 13), and would show the court as follows:

**I.**

**Jurisdiction and Expedited Nature**

1. This Court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157, 11 U.S.C. § 105, and Fed. R. Bankr. P. 9020. *Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609, 612 (5th Cir. 1997). A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). *In re Nutter*, 2010 Bankr. LEXIS 177, at *8 (Bankr. S.D. Tex. Jan. 15, 2010). A civil contempt proceeding is a core matter if it arises out of the violation of an order issued in a core proceeding. *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990). If this Court does not find it has jurisdiction over this matter, the Trustee consents to entry of a final order on this matter.

2. The Trustee seeks an expedited hearing on this matter. The Debtor has failed to appear for his meeting of creditors, file any schedules and statements, and failed to provide documents to the Trustee. The meeting of creditors has been reset to Friday December 18, 2020

at 1:00 p.m.  The Debtor has still not retained counsel or complied with the Court's order, leaving the Trustee and the creditors without information to move forward.

## II.

## Factual and Procedural Background

3.  Francois Stanislas Bellon (the "Debtor") filed a Chapter 11 bankruptcy, Case No. 17-31923, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  That case was jointly administered the Chapter 11 bankruptcy of The Entergy Group, LLC, Case No. 17-34848.  The Debtor's plan of reorganization, and the plan of Entergy Group, were confirmed, and both cases were closed.

4.  On May 23, 2019, William Vincent Walker was awarded a judgment against the Debtor.  The judgment remains unpaid.

5.  On June 26, 2020, Walker filed an involuntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code against the Debtor.  On July 10, 2020, service of the summons of that involuntary petition was executed. On September 11, 2020, this Court entered the order for relief.  The docket entry stated that the Debtor was required to file a list of creditors on or before September 18, 2020 and his Statement of Current Income Form 22A-1 on or before September 25, 2020.  Under the provisions of 11 U.S.C. § 521(a)(1), the Debtor was required to timely file a schedule of assets and liabilities, a schedule of current income and current expenditures, a statement of the debtor's financial affairs, copies of all pay advices received within 60 days before the petition date, a statement of monthly net income, and a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the petition date.  Further, under 11 U.S.C. § 521(e)(2)(A), the Debtor is

required to provide to the Trustee his most recent tax return at least 7 days prior to the first meeting of creditors.

6. On October 8, 2020, Eva S. Engelhart was appointed to serve as the Chapter 7 Trustee of the Debtor's Chapter 7 estate.

7. The Debtor failed to file schedules and statements of financial affairs in this case within the deadline required. On November 5, 2020, the Trustee filed The Trustee's Emergency Motion to Compel Compliance with 11 U.S.C. § 521. (Doc. No. 9). On November 5, 2020, the Court entered an order directing the Trustee to amend her motion to provide the Debtor with time to receive notice of the motion. (Doc. No. 10). On November 6, 2020, the Trustee filed The Trustee's Amended Motion to Compel Compliance with 11 U.S.C. § 521. (Doc. No. 11). (the "Motion to Compel"). On November 9, 2020, this Court granted that motion. (Doc. No. 13). The Court ordered the Debtor to file the following with the Court by November 30, 2020: (a) Schedule of assets and liabilities; (b) Schedule of current income and expenditures; (c) Statement of the Debtor's Financial Affairs; (d) Copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition; (e) Statement of the amount of monthly net income, itemized to show how the amount is calculated; and (f) Statement disclosing any reasonably anticipated increase in income and expenditures over the 12-month period following the date of the filing of the petition. The Court also ordered the Debtor to appear and testify at the Meeting of Creditors scheduled for December 10, 2020 at 1:00 pm by calling 866-815-5352, passcode 8068140. Finally, the Court ordered the Debtor to provide the Trustee with: (a) a copy of his personal Federal Income Tax Returns for 2017, 2018, and 2019, on or before November 30, 2020, (b) a copy of his social security card, driver's license, or other acceptable identification, on or before November 30, 2020; (c) a copy of all

bank statements for all accounts that Mr. Bellon has signatory authority, from January 1, 2020 through September 11, 2020.

8. The Trustee has had multiple communications with the Debtor since the Court entered its order compelling his compliance. The Debtor fully understood the order and what he needed to do to comply with it. The Debtor continued to say that he was attempting to obtain counsel to assist him, but the Debtor has not done so. ***The Debtor has failed and refused to do any of these things this Court ordered him to do and he is in contempt of this Court's order.***

### III.

### Reasons Why the Relief Should be Granted

9. The Trustee requests that the Court enter an order directing the Debtor to appear and show cause why he should not be held in civil contempt of this Court for failing to comply wit the Court's order. A show cause order provides the Debtor with due process and allows him to adequately prepare himself to respond before suffering a possible contempt order.

10. In a civil contempt proceeding, should the Court issue the show cause order, the moving party need only show: (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). The Court has broad discretion in the fashioning of a remedy for civil contempt. *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574 (5th Cir. 2000).

11. The Debtor is in direct contempt of court for his failure to file the required pleadings, for his failure to provide the Trustee with the documents and information he was ordered to provide, and for his failure to appear at the meeting of creditors. The Trustee asks that after notice and a show cause hearing, the Court order the U.S. Marshal Service to issue a

warrant for the Debtor's arrest and have him held until he purges himself of the contempt of court. The Debtor would at all times under such an order hold the keys to his jail cell in his own hands. At any time that he decides to comply, he will gain his freedom. *See Norris v. Johnson*, 1997 U.S. App. LEXIS 41449, at *30-31 (5th Cir. Apr. 11, 1997) (permitting confinement as appropriate in the context of bankruptcy); *Terrebone*, 108 F.3d 609 (holding that bankruptcy courts have power to conduct civil contempt proceedings and to issue orders in accordance with the outcome of those proceedings). The Trustee further seeks as a sanction for the contempt an order directing the Debtor to reimburse the Trustee for her attorney's fees and expenses incurred in drafting and prosecuting this motion and attending and participating in any contempt proceedings.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court find the debtor Francois Stanislas Bellon in civil contempt and sanction him by ordering the United States Marshals Service take him into custody as a coercive sanction until such time as he may be brought before the Court and given the opportunity to purge himself of contempt, and for such other and further relief as is just.

Respectfully submitted,

**WAUSON │ PROBUS**

By: */s/ Matthew B. Probus*
    Matthew B. Probus
    State Bar No. 16341200
    Federal ID 10915
    MBProbus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR EVA S. ENGELHART,*
*CHAPTER 7 TRUSTEE*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the parties on this 17th day of December, 2020, via the Court's ECF/PACER system. In addition, the Debtor has been served by United States regular mail, first class, postage prepaid, and United States certified mail, return receipt requested, at 1540 Sul Ross, Houston, Texas 77006 and at 75 Sullivan Street, New York, New York 10012, and via email at stashellon@gmail.com.

/s/ Matthew B. Probus
Matthew B. Probus