IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-33214 |
| FRANCOIS STANISLAS BELLON | § | Chapter 7 |
| *Debtor* | § | |

### EMERGENCY MOTION FOR HEARING SEEKING FRANCOIS STANISLAS BELLON'S IMMEDIATE RELEASE FROM CIVIL CONTEMPT AND CUSTODY

Pursuant to the Court's Civil Contempt Order, ECF No. 45, Debtor Francois Stanislas Bellon ("Bellon") files this Emergency Motion for Hearing Seeking Bellon's Immediate Release from Civil Contempt and Custody, and in support thereof, would respectfully show this Court the following:

1. On Wednesday, February 10, 2021, this Court issued its Civil Contempt Order ("Order"), ECF No. 45, finding Bellon in civil contempt of Court based on his failures to comply with this Court's Orders.

2. Bellon surrendered himself to the custody of the United States Marshals Service at 515 Rusk Street, 10th Floor, Houston, Texas 77002 at 5:00 p.m., February 10, 2021, as ordered by this Court. Bellon surrendered himself to the United States Marshals Service at 5:00 p.m., however, the transport vehicle had already departed. He was told by the Marshal's service to appear the next morning at 8:30 a.m., which he has done.

3. Pursuant to the Court's Order, Bellon will be released from civil contempt and custody of the Marshal Service once he has complied with the Order, which specifically requires him to:

    a. Deliver to his attorney, Mr. Cicack, Bellon's cell phone, its password, and any passwords necessary to access Bellon's text messages and emails between Bellon, Vladimir Bellon, and Bellon's girlfriend; and

    b. Complete, in good faith, and file all documents identified in ECF No. 13, and provide complete copies of the same to the Trustee. See ECF No. 45, ¶ 4(a)-(c).

4. The Court's order also conditions Bellon's release from civil contempt and the custody of the Marshals Service on Mr. Cicack's turnover to the Trustee of all text messages and emails between Bellon and Vladimir Bellon (his brother), and Bellon's girlfriend.

5. As of the time of filing this Motion, Bellon has delivered to his attorney, Mr. Cicack, his cell phone, along with the password(s) needed to access his cell phone

1

and the text messages and emails between Bellon, Vladimir Bellon, and Bellon's girlfriend, which are stored on the cell phone.

6. As of the time of filing this Motion, Bellon has completed, in good faith, all documents identified in ECF No. 13 and has filed all documents with the Court. Further, Bellon has provided copies of all documents to the Trustee. Specifically, Bellon has filed the following documents:

   a. Schedule A/B: Property (ECF No. 40) and Amended Schedule A/B Property (ECF No. 54);

   b. Schedule D: Creditors Who Have Claims Secured by Property (ECF No. 47);

   c. Schedule E/F: Creditors Who Have Unsecured Claims (ECF No. 41);

   d. Schedule G: Executory Contracts and Unexpired Leases (ECF No. 48);

   e. Summary of Assets and Liabilities (ECF No. 46);

   f. Schedule of current income (ECF No. 49) and expenditures (ECF No. 50);

   g. Statement of the Debtor's Financial Affairs (ECF No. 42);

   h. Statement of the amount of monthly net income, itemized to show how the amount is calculated (ECF No. 49);

   i. Declaration About an Individual Debtor's Schedules (ECF No. 51);

   j. Statement providing that he does not have copies of payment advices or other evidence of payments received within 60 days before the date of the filing of the petition because he did not receive any payments during that period of time (ECF No. 53);

   k. Statement disclosing any reasonably anticipated increase in income and expenditures over the 12-month period following the date of the filing of the petition (ECF No. 53);

   l. Copies of Bellon's federal tax returns for 2017, 2018, and 2019 (Provided to Trustee); Bellon did not file a 2019 federal tax return because he received no income that year;

   m. Copies of Bellon's social security card, driver's license, or other acceptable identification (Provided to Trustee);

   n. All bank statements for all accounts that Bellon has signatory authority, from January 1, 2020 through September 11, 2020 (Provided to Trustee);

   and

   o. 341(a) Meeting Questionnaire and Sworn Testimony (ECF No. 43).

## DISCUSSION AND RELIEF REQUESTED

  Civil contempt is designed as a remedy that is coercive and remedial in nature.  It is designed so that the party facing contempt "holds the keys" to his own release.  It is not designed to be punitive or to punish the party facing contempt.  The sanctions imposed are "remedial" and "coercive" rather than "punitive."

  Bellon has complied with the Court's order of November 9, 2020 (ECF No. 13).  Bellon has also delivered to his counsel, Walter Cicack, his mobile phone, its password, and any passwords necessary to access Bellon's text messages and emails, including those with his girlfriend, and Vladimir Bellon, his brother.

  There are hundreds of emails and text messages that have been identified by counsel that are responsive to the Court's turnover order.  Counsel has not had sufficient time to identify all responsive emails and text messages and recover them all before turning them over.  Counsel respectfully submits that Bellon is entitled to assert whatever privileges he may have to disclosure of emails and text messages to which privilege attaches.

  Counsel intends to obtain a forensic image of Bellon's mobile phone as soon as possible on February 11, 2021.  Counsel will continue to search for and review responsive documents and turnover to the Trustee non-privileged documents and prepare a privilege log with respect to any documents withheld on privilege grounds.  However, this process will take days, not hours.

  Bellon respectfully submits that keeping him subject to civil contempt and in the custody of the Marshals Service while this process is being undertaken is not "remedial" and "coercive." Bellon was ordered to deliver his mobile phone to his counsel yesterday afternoon and he has done that.  He was ordered to turnover responsive materials yesterday afternoon and his counsel is working diligently to identify the responsive materials and turnover non-privileged documents. With respect to Bellon's mobile phone and the turnover of documents, there is nothing to remedy or coerce.  Bellon is complying with the Court's order and has not refused to comply in any fashion. Bellon simply asks that he be allowed to assert privileges that are afforded to him under applicable law.  With respect to the other aspects of the Court's order, Bellon has now fully complied by making all of the necessary filings with the Court and providing the Trustee with the documents and materials required under the Court's prior orders.

  Bellon respectfully submits that he should be released from civil contempt and the custody of the Marshals Service and provided a reasonable period of time to comply the turnover order issued by the Court yesterday, February 10, 2021.  Counsel for Bellon shall retain the forensic image of Bellon's mobile phone so that all text messages and emails contained in his mobile phone will be fully preserved.

Bellon also has a purely personal reason for requesting immediate release. He has custody of his nine (9) year old son this weekend and must be in New York City Friday afternoon to take custody of his son. If he fails to do this, it could have grave consequences with respect to his ability to retain custody rights. The potential impact could be extremely detrimental to both Bellon and his son. Bellon commits to be back in Houston on Monday, February 15, 2021 and will check in with his counsel and the Court as directed by the Court.

Bellon requests the following relief:

1. Release from civil contempt and custody of the Marshals Service subject to his counsel obtaining a forensic image of his mobile phone and his counsel continuing to search for and review responsive materials;

2. A reasonable period of time for his counsel to review the responsive text messages and emails for privilege; and

3. That the Court set a hearing in the near future to determine Bellon's compliance with the turnover order.

Bellon has addressed to the Court's Orders, with the sole exception of turning over text messages and emails to the Trustee. This order was not made until late yesterday afternoon. Bellon simply asks for a reasonable review time and the ability to preserve any privilege that might apply.

Given Bellon's compliance and commitment to turnover responsive non-privileged documents to the Trustee, there is nothing to remedy or coerce at this time.

## **PRAYER**

For the above reasons, Bellon now respectfully moves this Court to grant his request for an Emergency Hearing and to issue an order directing his immediate release from civil contempt and custody, and grant such other relief as is appropriate under the circumstances.

Respectfully submitted,

HAWASH CICACK & GASTON LLP

 /s/ Walter J. Cicack
WALTER J. CICACK
Federal Bar No. 8094
State Bar No. 04250535
wcicack@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 - tel/fax
***Attorneys for Francois Stanislas Bellon***

4

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF noticing system on this 11th day of February, 2021.

               */s/ Walter J. Cicack*
               Walter J. Cicack