IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRANCOIS STANISLAS BELLON, | § | Case No. 20-33214 (MI) |
| | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

### TRUSTEE'S MOTION TO COMPEL TURNOVER OF ART

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THERE WILL BE A HEARING ON THIS MOTION ON APRIL 6, 2022, AT 9:00 O'CLOCK A.M. VIA VIDEOCONFERENCE AND TELEPHONE.** Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

COMES NOW, EVA S. ENGELHART, CHAPTER 7 TRUSTEE, and makes this her Trustee's Motion to Compel Turnover of Art, and in support thereof would show this Court as follows:

1

# I.

## JURISDICTION AND AUTHORITY

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)(A), (E), and (O). This Court has the constitutional authority to enter a final order. If it is determined that the Court does not have such constitutional power, the Plaintiff consents to entry of a final order.

# II.

## RELIEF REQUESTED

2. The Trustee requests entry of an order directing the Debtor to turn over to the Trustee the art shown in Exhibit A that the Debtor moved out of his apartment in New York City. The Trustee requests specifically that the Court order the Debtor to deliver the art to her office.

# III.

## BACKGROUND

3. In March of 2021, the Trustee obtained an inspection of the Debtor's penthouse apartment in New York City through a local agent. That inspection revealed a substantial art collection. The Trustee's agent took photographs of each piece of art in the apartment. The Trustee began searching for an art appraiser and auctioneer in New York City to appraise the works and determine what could be sold at auction.

4. The Debtor had not paid his rent on the apartment, and rent was accumulating quickly. In June of 2021, the Trustee reached an agreement with the landlord that would allow the Debtor to vacate the apartment and remove all personal property in the apartment safely. The landlord agreed to waive a substantial administrative expense claim against the estate. The Trustee filed a motion for approval of the compromise, and on August 12, 2021, this Court granted the motion ad approved the compromise.

5. The Debtor entered settlement discussions with the Trustee. As part of the settlement, if reached and approved, the Debtor would pay a sum of cash over time and be allowed to keep the art, which would serve as collateral to secure the payments. The parties have been unable to reach a settlement. The Trustee has asked the Debtor's counsel to have the art turned over, but the Debtor's counsel has reported that the Debtor has stopped communicating with him.

## IV.

## **CONCLUSION**

6. The art is property of the estate. The Debtor attempted to claim it as exempt, but the Trustee objected to the claimed exemptions and this Court sustained the Trustee's objection. The Trustee now needs for the Debtor to turn the art over to her. The Court should require the Debtor to deliver all of the art to the Trustee's office in Houston.

WHEREFORE, PREMISES CONSIDERED, EVA S. ENGELHART, CHAPTER 7 TRUSTEE, respectfully requests the Court enter an order directing Debtor to turn over all of the art depicted on Exhibit A within fourteen days after entry of any order, to the Trustee's office.

DATED:   February 21, 2022          THE PROBUS LAW FIRM

By:   /s/ Matthew B. Probus
**MATTHEW B. PROBUS**
State Bar No. 16341200
Federal ID 10915
matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

*ATTORNEYS FOR EVA ENGELHART,
CHAPTER 7 TRUSTEE*

3

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been served via the ECF/PACER system on this 21st day of February 2022.

                                               */s/ Matthew B. Probus*
                                               Matthew B. Probus